UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROVIDENT BANK,

        Plaintiff,

v.                                                    Case No: 8:12-cv-1663-T-27AEP

JOHN S. HILL,

        Defendant.

_____/

## REPORT AND CERTIFICATION

This cause came before the Court for a show cause hearing relating to Plaintiff Provident Bank's Motion for Order to Show Cause (Dkt. No. 25).  By the motion, Provident Bank requested the Court issue an Order to Show Cause compelling Defendant John S. Hill to provide answers and responses to the discovery propounded in aid of execution of the judgment or compelling him to appear before the Court to show cause why the Court should not hold him in contempt for failing to comply with the Court's Orders.  The Court granted Provident Bank's request and scheduled the show cause hearing for June 4, 2013.  Despite notice of the hearing, Hill failed to appear.  Given Hill's repeated failure to appear and failure to comply with the Court's Orders and with Provident Bank's requests to engage in discovery in aid of execution of its judgment, and pursuant to the provisions of 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge concerning Hill's acts and his failure to abide by the Court's Orders and recommends the district judge hold Hill in contempt.

As an initial matter, Provident Bank obtained a default judgment in its favor, and against Hill, in the sum of $46,287.30 plus interest, attorneys' fees, and costs after Hill failed to appear or otherwise plead in this matter (Dkt. No. 9).  Following that, Provident Bank propounded

discovery upon Hill to assist it in executing the judgment.  As Provident Bank demonstrated, after it propounded its interrogatories and requests for production in aid of execution upon Hill (Dkt. No. 14, Exhs. A, B), he failed to respond to the requested discovery.  As a result, Provident Bank sent a letter informing Hill that it would file a motion to compel if Hill did not respond by a certain date (Dkt. No. 14, Exh. C).  Again, Hill failed to respond.  Accordingly, Provident Bank filed its motion to compel requesting that the Court compel Hill to provide responses to Provident Bank's discovery in aid of execution (Dkt. No. 14).  After consideration, the Court issued an Order granting Provident Bank's motion, directing Hill to respond to the discovery requests within twenty-one days of the Order, and scheduling a show cause hearing for January 30, 2013, at which Hill was directed to show cause why he failed to respond to Provident Bank's discovery requests (Dkt. No. 15).  Subsequently, Provident Bank served a copy of the Court's Order along with the motion to compel and the discovery requests upon Defendant at the following address: 6839 Heron Lane, Hudson, Florida 34667 (Dkt. No. 17).  Despite the notice of the show cause hearing and the direction to respond to the discovery, Defendant failed to appear at the hearing and similarly failed to provide responses to the outstanding discovery requests.

Given Hill's failure to appear at the January 30, 2013 show cause hearing and failure to comply with the Court's prior Order granting Provident Bank's Motion to Compel (Dkt. No. 15), the Court issued an Order scheduling another show cause hearing for February 27, 2013, at which Hill was directed to show cause as to why sanctions should not be imposed against him for failure to respond to Provident Bank's discovery requests and for failure to appear at the January 30, 2013 show cause hearing, and directing the United States Marshal to serve Hill with a copy of the Order at the two separate addresses found in the record (Dkt. No. 21).  In that Order, the Court put Hill on notice that his failure to appear would result in the issuance of a warrant for his arrest

2

and commencement of the civil contempt process.  The U.S. Marshal's Office subsequently served a copy of the Court's Order upon Hill thereby providing him notice of the February 27, 2013 hearing (Dkt. No. 22).

The Court then held the second show cause hearing on February 27, 2013.  During the hearing, Hill appeared in person and stated that he had not received the Court's prior Orders or Provident Bank's discovery requests even though he verified that Provident Bank sent the discovery requests and copies of the Court's Orders to his proper mailing address.[1] Notwithstanding, Hill stated that he would comply with the Court's directive to respond to Provident Bank's outstanding discovery in aid of execution.  Based upon Hill's assertions during the February 27, 2013 show cause hearing, the Court discharged the January 30, 2013 Order to Show Cause, directed Provident Bank to again serve Hill with its discovery requests in aid of execution, and directed Hill to respond to those requests within fourteen days of receipt of the discovery requests (Dkt. No. 23).

That same day, Provident Bank sent Hill a copy of the Order discharging the prior Order to Show Cause, a copy of the discovery in aid of execution, and a letter requesting that Hill respond to the discovery no later than March 14, 2013 (*see* Dkt. No. 25, Exh. F).  Despite his assertions to the contrary at the February 27, 2013 show cause hearing, Hill again failed to comply with the Court's Order by failing to provide responses to Provident Bank's outstanding discovery. As a result of Hill's continued failure to comply with the Court's Orders or to engage in post-

---

[1] Notably, the discovery in aid of execution denotes two addresses for Hill (*see, e.g.,* Dkt. No. 14, Exh. A). During the February 27, 2013 hearing, Hill informed the Court that he receives his mail at the following address: 6839 Heron Lane, Hudson, Florida 34667. Notably, however, the United States Marshal's return of service indicates that Hill was served at the 14213 Old Dixie Highway, Hudson, Florida 34667 address (Dkt. No. 22). Accordingly, the Court will direct that the Marshal serve a copy of this Order to Hill at either of the two addresses to ensure proper receipt by Hill.

3

judgment discovery, Provident Bank requested the Court issue another order to show cause to Hill to compel him to provide answers and responses to the discovery in aid of execution or to show cause why the Court should not hold him in contempt for failure to comply with the Court's Orders (Dkt. No. 25).  The Court granted Provident Bank's motion for an order to show cause and directed Hill to provide responses to Provident Bank's discovery in aid of execution by June 3, 2013 (Dkt. No. 27).  If Hill again failed to provide the requested discovery, and therefore again failed to comply with the Court's Order, Hill was directed to appear for a show cause hearing on June 4, 2013 to show cause as to why he should not be held in contempt.

The Court conducted the June 4, 2013 show cause hearing as scheduled but Hill failed to appear yet again. Given Hill's continued failure to comply with the Court's Orders, failure to participate in discovery in aid of execution of the judgment, and failure to appear for the June 4, 2013 show cause hearing, Provident Bank requested that the Court hold Hill in civil contempt until he complies with the Court's Orders directing him to respond to the outstanding discovery. Civil contempt, as opposed to criminal contempt, provides courts with a sanction to enforce compliance with an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted); *see Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990) ("Every civil contempt proceeding is brought to enforce a court order that requires the defendant to act in some defined manner.  The defendant then allegedly acts, or refuses to act, in violation of the order.  The plaintiff would like the defendant to obey the court order and requests the court to order the defendant to show cause why he should not be held in contempt and sanctioned until he complies.").  Indeed, courts unquestionably maintain inherent power to enforce compliance with their lawful orders through civil contempt. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44

(1991) (noting that the power to punish for contempt is inherent in all courts); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt."). The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process. *Chambers*, 501 U.S. at 44 (citation omitted). Accordingly, civil contempt sanctions are penalties designed to compel future compliance with a court order and are thus considered to be coercive and avoidable through obedience so may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994); *see, generally, United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) ("If the contempt order was designed to exert pressure on the recalcitrant party, a device to compel compliance with an earlier court decree, then the proceeding was civil" (citation omitted)).

Where a party acts or refuses to act in accordance with a court order, the other party typically requests the court to order the offending party to show cause why it should not be held in contempt and sanctioned until compliance. *Mercer*, 908 F.2d at 768. If the court then determines that the conduct as alleged would violate the court's prior order, the court should enter an order requiring the offending party to show cause why it should not be held in contempt and hold a hearing on the matter. *Id.* A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order. *Roberts*, 858 F.2d at 700 (citation omitted); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (*citing Roberts*). Once the party seeking contempt makes this *prima facie* showing, the burden shifts to

the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701. Instead, the alleged contemnor must show he has, in good faith, made all reasonable efforts to comply with the order. *Id.*; *Chairs*, 143 F.3d at 1436. If the alleged contemnor makes a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove ability of the alleged contemnor to comply with the court's prior order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

As detailed above, Provident Bank established by clear and convincing evidence that Hill repeatedly violated the Court's Orders. Despite receiving multiple opportunities to comply with the Court's Orders, to provide Provident Bank with responses to the outstanding discovery, and to be heard as to his reasons for noncompliance, Hill has exhibited complete disregard for this Court's Orders and the entire judicial process. Indeed, Hill received notice of the June 4, 2013 show cause hearing, at which he was directed to demonstrate why he should not be held in contempt, and Hill simply failed to appear. Hill has thus failed to produce any evidence, much less detailed evidence, specifically explaining why he cannot comply or demonstrating that he has, in good faith, made all reasonable efforts to comply with the Court's prior Orders.

Against this backdrop, I find that Hill demonstrated a pattern of willfully disregarding the Court's directives and will continue to do so unless severe sanctions are imposed. His repeated disregard for judicial decrees and the entire judicial process constitutes good cause for the imposition of severe sanctions. Accordingly, I recommend that the Court hold Hill in civil contempt. Namely, I recommend that the Court incarcerate Hill until such time as he complies with the Court's Orders directing him to respond to Provident Hill's outstanding discovery requests in aid of execution of the judgment. After consideration, therefore, it is hereby

6

RECOMMENDED:

1.    Plaintiff Provident Bank's request for sanctions be granted to the extent that the district judge hold Hill in contempt by incarcerating Hill until such time as he provides discovery responses to Provident Bank and therefore complies with the Court's prior Orders.

2.    If Hill complies with the Court's Orders by responding to the outstanding discovery requests in aid of execution within the fourteen (14) day time period for filing objections to this Report and Certification, I recommend that no sanctions be issued.[2]

3.    The U.S. Marshal is directed to serve a copy of this Report and Certification upon Defendant John S. Hill at either of the following addresses: 6839 Heron Lane, Hudson, Florida 34667 and 1403 Old Dixie Highway, Hudson, Florida 34667.

IT IS SO REPORTED in Tampa, Florida, on this 6th day of June, 2013.

ANTHONY E. PORCELLI
United States Magistrate Judge

---

[2] If Hill complies within the applicable time period, Provident Bank shall file a notice of compliance as expeditiously as possible.

7

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies furnished to:
Hon. James D. Whittemore
U.S. Marshal's Office
Counsel of Record
Defendant, *pro se*