UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE PROVIDENT BANK,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 8:12-cv-1663-JDW-AEP

JOHN S. HILL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff The Provident Bank ("Provident Bank") initiated this action against Defendant John S. Hill ("Hill") in 2012, seeking judgment against Hill for the debt evidenced by a Promissory Note and Security Agreement and First Preferred Ships Mortgage relating to the purchase of a boat (Doc. 1). Following the failure of Hill to respond to the Complaint, the Court entered a default judgment in favor of Provident Bank and against Hill (Docs. 5-9). After several years of attempting to collect on the judgment, Provident Bank initiated garnishment proceedings, including issuance of a writ of garnishment to Wells Fargo Bank, N.A. ("Wells Fargo") (Docs. 73-75). By the instant motion, Provident Bank now seeks entry of summary judgment of garnishment against Hill pertaining to funds contained in an account held at Wells Fargo (Doc. 95).[1] After consideration, it is recommended

---

[1] The motion indicates that Provident Bank seeks summary judgment against Hill, Wells Fargo, and Michell Bittaker ("Bittaker"), an interested party (Doc. 95, at 1). The motion also indicates that Provident Bank moves for judgment under both Rules 55 and 56,

that Provident Bank's Motion for Final Summary Judgment of Garnishment (Doc. 22) be granted.[2]

**I.      Background**

Hill became indebted to Elite Financial Group ("Elite") in May 2004 in the principal sum of $80,353.40 for the purchase of a 2004 31' Island Runner Vessel, Hull ID: INT00071C404, with twin 2005 225 hp Mercury engines, ID #OT997347 and #OT997518, together with all equipment and accessories attached thereto (the "Vessel") (Doc. 1, ¶5).  Such debt was payable in accordance with a Promissory Note and Security Agreement, executed and delivered on May 21, 2004 (Doc. 1, ¶5 & Ex. A), for which Elite assigned all its rights, title, and interest to Provident Bank three days later (Doc. 1, ¶6 & Ex B).  The Promissory Note required 180 monthly installment payments of $671.57, beginning on June 21, 2004, with interest accruing at the rate of 5.85% per annum until May 21, 2019 (Doc. 1, ¶10 & Ex. A).  To secure the payment of the indebtedness and interest thereon, Hill executed and delivered to Provident Bank a First Preferred Ships Mortgage (the "Mortgage"), also dated May 21, 2004, which later was recorded with the United States Coast Guard Vessel Documentation Center in August 2004 at Batch Number 278894, Document ID 2551296 (Doc. 1, ¶¶7-8 & Ex. C).

---

Federal Rules of Civil Procedure – the former pertaining to default judgments and the latter pertaining to summary judgments.  During a hearing held on the motion, however, Provident Bank clarified that it seeks an order of summary judgment of garnishment only against Hill.  Accordingly, this Report and Recommendation solely addresses the propriety of summary judgment of garnishment against Hill.

[2]  The district judge referred the matter for issuance of a Report and Recommendation.  *See* 28 U.S.C. § 636.

According to Provident Bank, Hill made his last payment on August 15, 2011 and thereafter defaulted on the Promissory Note by failing to make the installment payments as they became due (Doc. 1, ¶11).  Under both the Mortgage and the Promissory Note and Security Agreement, Provident Bank had the right to repossess the Vessel if Hill defaulted (Doc. 1, ¶12 & Ex. A & C).  Given Hill's default, Provident Bank repossessed the Vessel and notified Hill of its plan to sell the Vessel (Doc. 1, ¶13 & Ex. D).  Thereafter, Provident Bank sold the Vessel and applied the net proceeds from the sale of the Vessel to Hill's debt, leaving the total amount of $39,624.73, plus accruing interest at the per diem rate of $5.80, as of August 31, 2012 (Doc. 1, ¶15 & Ex. E & F).

Given the outstanding debt, Provident Bank initiated these proceedings, seeking entry of a judgment against Hill for the debt evidenced by the Mortgage and the Promissory Note and Security Agreement in the principal amount of $36,270.08, plus accrued interest in the amount of $2,835.35, plus late fees and charges in the amount of $519.30, for a total amount of $39,624.73, plus per-diem interest thereafter in the amount of $11.12, as well as attorneys' fees, costs, and expenses (Doc. 1).  Hill failed to answer or otherwise respond to the Complaint. Accordingly, a default was entered against Hill (Doc. 6).  Following entry of default, Provident Bank moved for a default judgment (Doc. 7).  Upon consideration, the District Judge granted the default judgment and entered judgment in favor of Provident Bank and against Hill in the sum of $46,287.30 plus per-diem interest in the amount of $7.42 from October 15, 2012 through the date of the judgment, plus

3

post-judgment interest at the legal rate in accordance with 28 U.S.C. § 1961 from the date of the judgment, plus attorneys' fees, costs, and expenses to be determined at a later date (Doc. 9). Provident Bank also sought an award of costs and attorneys' fees (Docs. 10 & 11), which the District Judge granted, taxing costs in the amount of $470 against Hill and awarding attorneys' fees and entering judgment in favor of Provident Bank for attorneys' fees in the amount of $1,230 (Docs. 12, 18, 19).

At the same time, Provident Bank began seeking discovery in aid of execution of the judgment (Doc. 14). From the filing of the initial motion in December 2012 continuing through the present, Provident Bank has sought discovery in aid of execution of the judgment and instituted garnishment proceedings to collect on the judgment. During that time, Hill failed to respond to the discovery requests on several occasions, even leading to a contempt finding against him (Docs. 32, 33, 37). Most recently, Provident Bank requested a writ of garnishment be issued upon Wells Fargo (Doc. 73). Following issuance of the writ of garnishment (Doc. 75), Wells Fargo submitted its answer, indicating that it held a checking account ending in -7286 (the "7286 Account") titled to Bittaker and Hill that may be subject to the writ of garnishment and that Hill and Constance Hill were named on a safe deposit box at a Wells Fargo located in Land O' Lakes, Florida (Doc. 77). Wells Fargo stated that it set aside $2,397.19 from the account titled to Bittaker and Hill (Doc. 77).

Subsequently, Provident Bank sought a default against Hill, Bittaker, and Constance Hill (Doc. 79) and moved for permission to inspect the safety deposit

box located at Wells Fargo (Doc. 80).  Upon consideration, the undersigned granted the defaults against Hill, Bittaker, and Constance Hill (Doc. 81) and permitted Provident Bank to only inspect and photograph the contents of the safe deposit box (Doc. 84).  Following that, Wells Fargo moved for a protective order in response to Requests for Production submitted by Provident Bank to Wells Fargo regarding the 7286 Account and the safe deposit box, arguing that, while it maintained a policy to cooperate and timely comply with reasonable discovery requests, it likewise bore a legal responsibility not to violate a person's private rights, including those of Hill, Bittaker, and Constance Hill, from disclosing otherwise private or confidential information (Doc. 85).  After conducting a hearing on Wells Fargo's motion for protective order, the undersigned granted the motion in part and denied the motion in part, permitting Wells Fargo to produce the requested documents only for purposes of this litigation and without liability for disclosing such information pursuant to the Order (Doc. 91).

Provident Bank now moves for entry of summary judgment of garnishment against Hill (Doc. 95).  By the motion, Provident Bank seeks an order of summary judgment in its favor and against Hill relating to half of the funds contained in the 7286 Account.  According to Provident Bank, no genuine issue of material fact remains as to whether (1) Provident Bank holds a valid and subsisting judgment against Hill; (2) Hill owns an equal interest in the 7286 Account with Bittaker; and (3) Hill failed to claim any exemption to those funds.  Provident Bank therefore contends it is entitled to a final judgment in garnishment against Hill in the amount

of $1,198.59, or half the amount in the 7286 Account, with the remainder released by Wells Fargo to Bittaker. Notably, neither Hill nor Bittaker responded to the instant motion (*see* Doc. 96). Given the lack of response, the motion may be considered as unopposed. M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## II. Standard of Review

Summary judgment is appropriate where the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original). The substantive law applicable to the claims will identify which facts are material. *Id.* at 248. In reviewing the motion, courts must view the evidence and make all factual inferences in a light most favorable to the non-moving party and resolve all reasonable doubts about the facts in favor of the non-movant. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citation omitted).

### III. Discussion

As indicated, Provident Bank seeks summary judgment of garnishment against Hill as to half the value of the 7286 Account. To reiterate, Provident Bank contends that no genuine issue of material fact exists as to whether (1) Provident Bank holds a valid, subsisting judgment against Hill; (2) Hill owns an equal interest in the funds in the 7286 Account that he jointly owns with Bittaker; and (3) Hill failed to claim any exemption to the funds. Accordingly, Provident Bank asserts that it is entitled to a final judgment in garnishment in the amount of $1,198.59 against Hill.

In Florida, property may be held jointly as tenants in common, joint tenants, or tenants by the entirety. *See Beal Bank, SSB v. Almand & Assocs.*, 780 So.2d 45, 52-53 (Fla. 2001). Property held as a tenancy by the entireties in Florida possesses the following six characteristics:

> (1) united of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).

*Id.* at 52 (footnote and citations omitted). While tenancies in common, joint tenancies, and tenancies by the entirety all share the characteristic of unity of possession, tenancies in common do not share any other characteristics or unities. *Id.* at 53. "[F]or both joint tenancies and tenancies by the entireties, the owners' interests in the property must be identical, the interests must have originated in the identical conveyance, and the interests must have commenced simultaneously." *Id.*

7

Here, the record reflects that Hill and Bittaker jointly own the 7286 Account (Doc. 95, Ex. B). As Provident Bank argues, there is no dispute as to whether Provident Bank holds a valid judgment against Hill (Doc. 9); that the judgment remains unpaid and outstanding in the amount of $47,517.30 plus interest (Doc. 95, Ex. A, ¶¶5-6); that Hill maintains an equal ownership interest in the funds in the 7286 Account he jointly owns with Bittaker (Doc. 95, Ex. B); and that Hill failed to claim an exemption or otherwise respond to the motion (Doc. 96). Given the lack of any genuine issue of material fact, summary judgment should be entered in favor of Provident Bank and against Hill for half the value of the 7286 Account, or $1,198.59 (*see* Doc. 77, at 2). The remaining balance in the 7286 Account should be released by Wells Fargo to Bittaker.

**IV.   Conclusion**

For the foregoing reasons, it is hereby

RECOMMENDED:

1.   Provident Bank's Motion for Final Summary Judgment of Garnishment (Doc. 95) be GRANTED.

2.   Judgment of Garnishment be entered in favor of Provident Bank and against Hill for one half (50%) share of the total amount ($2,397.19) in the 7286 Account, owned jointly with Bittaker, held by Wells Fargo in the amount of $1,198.59.

3.   Wells Fargo be directed to make payment to The Provident Bank c/o Fowler, White, Burnett, PA. Trust Account, Attn: Robert D. McIntosh, Esq.,


Fowler, White Burnett P.A., 200 East Las Olas Boulevard, Suite 2000, PH B, Fort Lauderdale, Florida 33301, the sum of $1,198.59 from the 7286 Account within 14 days of the order adopting and/or approving this Report and Recommendation.

4.     Wells Fargo be directed to release the remainder of the funds in the 7286 Account to Bittaker.

5.     After receipt of payment from Wells Fargo, Provident Bank be directed to file a notice in the record regarding the satisfaction of the writ of garnishment as to Wells Fargo.

IT IS SO REPORTED in Tampa, Florida, this 26th day of April, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. James D. Whittemore
      Counsel of Record